IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRE-PAID LEGAL SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-403-RAW |
| | ) |
| ANTHONY HUGHES and MARSHA HUGHES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter came on for hearing on November 30, 2011 on pending motions. This order memorializes the court's rulings. Defendants' motion to enjoin arbitration (#8) is DENIED. Defendants' arguments are (1) plaintiff has no arbitrable claims because claims arising out of actions after the termination of a contract are not subject to the terminated contract's arbitration provision and (2) plaintiff has waived its right to arbitrate by proceeding in state court before commencing arbitration. Defendants respond that both theories are properly determined in arbitration. This may be correct, but it seems anomalous to the court to cede to an arbitrator the essential issues contained in a motion to enjoin arbitration. Defendants also respond on the merits, and the court elects to rule on the merits.

There is authority that an arbitration clause in an employment contract survives termination of employment when the action complained of relates to the employment contract. *See GATX Mgmt. Servs., LLC v. Weakland,* 171 F.Supp.2d 1159, 1164

(D.Colo.2001). This court agrees. Defendants in the case at bar have no argument that their conduct does not "relate to" or "touch upon" the employment contract.

As to waiver, the court has considered the factors described in *Hill v. Ricoh Americas Corp.,* 603 F.3d 766, 772-73 (10th Cir.2010), a list which the Tenth Circuit states is not exclusive, as well as the full scope of plaintiff's conduct. The court finds defendants have not met their burden of proving plaintiff's waiver of the right to arbitrate.

The court additionally finds that defendants did not prove the elements necessary for injunctive relief. *See Prairie Band of Potawatomi Indians v. Pierce,* 253 F.3d 1234, 1246 (10th Cir.2001).

Plaintiff's motion (#9) to extend the TRO issued in state court is DENIED. During the hearing, plaintiff's counsel indicated the motion could be withdrawn as the arbitrator could immediately address plaintiff's claim for injunctive relief.

Plaintiff's motion (#10) for expedited response and decision is deemed moot. The request for expedited response and decision related to the motion (#9) previously referenced.

Finally, the plaintiff's motion (#7) to stay proceedings pending arbitration is GRANTED. The court finds the issues are arbitrable and therefore the Tenth Circuit counsels that the action be stayed rather than dismissed. *See Adair Bus. Sales, Inc. v. Blue Bird Corp.,* 25 F.3d 953, 955 (10th Cir.1994). During the hearing, plaintiff's counsel made an oral request to compel arbitration (in the event such request were necessary) and the court grants the oral request as well. This action is stayed and the parties are directed to

arbitration. The parties are directed to file progress reports at 30-day intervals to keep the court apprised of the status of the mediation process.

**ORDERED THIS 2nd DAY OF DECEMBER, 2011.**

**Dated this 2nd day of December, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma